IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Timothy R. Osborn,                                    Case No. 3:04CV7486

        Plaintiff

    v.                                               ORDER

Knights of Columbus, et al.,

        Defendants

This is a suit by an insurance salesman against the entities for whom he sold insurance. In an earlier order I held that, although the parties' contract specified that Connecticut law would control the decision of contract disputes, Ohio law controlled the decision with regard to plaintiff's claim that wage and hour requirements had been violated.

A principal basis for that decision was a decision by a Connecticut trial court – the only reported Connecticut decision on the subject that has come to my attention – that that state's wage and hour statute will not be given extra-territorial effect. *Kubas v. Hartford Fin. Servs. Co.*, 2000 WL 1170237, *2 (Conn. Super. Ct.).

Pending is plaintiff's motion, filed more than six months after entry of that order, for reconsideration of that decision.

For the reasons that follow, the plaintiff's motion shall be overruled. In addition, pursuant to this Court's standing practice with regard to unmerited motions to reconsider, sanctions shall be imposed under Fed. R. Civ. P. 11.

**Discussin**

As plaintiff's motion forthrightly acknowledges, my distaste for motions to reconsider has been expressed clearly and repeatedly. *See, e.g., Walker v. Conseco Servs.*, 252 F. Supp.2d 524, 527-28 (N.D.

Ohio 2003). Thus, I make clear on our court's website in a narrative description of Case Management

Procedures (which I routinely call to the attention of counsel at the initial case management conference

where counsel have not previously appeared before me):

> Motions to reconsider are strongly disfavored. Counsel are advised that in the event a motion to reconsider is found to have been filed improperly, sanctions will be imposed under Fed. R. Civ. P. 11 to compensate the opposing party or parties for the amounts expended by them in responding to such motion.

> Only file a motion to reconsider if an issue that clearly was presented in the original motion and is material to disposition of the motion was overlooked entirely, clearly controlling authority was disregarded, or an intervening decision by the Ohio Supreme Court, Sixth Circuit,  or  United States Supreme Court mandates a different outcome.

http://www.ohnd.uscourts.gov/Judges/District/Carr__James_G_/Carr_Civil_Info_A/carr_civil_info_a.html (¶ 9, Motions to Reconsider).

In *Walker* [which plaintiff cites in his motion for reconsideration], I stated:

as I have previously stated in several decisions:

> Although "motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal," they are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *In re August, 1993 Regular Grand Jury*, 854 F.Supp. 1403, 1406 (S.D.Ind.1994). To be sure, "a court can always take a second look" at a prior decision; but "it need not and should not do so in the vast majority of instances," especially where such motions "merely restyle or re-hash the initial issues." Id. at 1407. It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or "to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." Id. at 1408. Where, as is the case with much of the instant motion, "[plaintiff] views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit." *Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D.Ohio 1991). *McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D.Ohio1996); *see also Miller v. Norfolk Southern Rwy. Co.*, 208 F.Supp.2d 851, 852-53 (N.D.Ohio 2002); *The Andersons, Inc. v. Consol, Inc.*, 221 F.Supp.2d 810, 812 (N.D.Ohio 2002).

252 F. Supp. 2d at 527-28.

Plaintiff's motion disputes the applicability and effect of the decision in *Kubas*, contends that I

2

failed to follow Ohio's choice of law principles, and ruled in contravention of the federal Constitution's Privileges and Immunities Clause.

With regard to the issue of choice of law: the parties' contract specifies that Connecticut law applies. For the purposes of this opinion, I accept plaintiff's contention that Ohio choice of law principles would reach the same conclusion, though the defendants dispute that contention. *See* Doc. 73 at 6, 7; s*ee generally Ohayan v. Saefco Ins. Co.*, 91 Ohio St.3d 474, 480 (2001) (confirming application of Restatement (Second) Conflict of Laws to choice of law issues relating to contracts).[1]

Looking to Connecticut law, what do we find? The ruling in *Kubas* that the Connecticut wage and hour statute will not be given extra-territorial effect. That ruling is clear, express, and unequivocal. So, by declining to give extra-territorial effect to Connecticut's statute, and thus leaving plaintiff to whatever remedy he may have under Ohio's wage and hour law, I was following Connecticut law.

Thus, any failure on my part to abide by the parties' contractual choice of law or discuss Ohio's choice of law provisions is immaterial.

Finally, plaintiff raises an entirely new argument: namely, that my ruling violates the Privileges and Immunities Clause. Making this contention now, rather than during the original briefing, is simply an attempt, which *Walker, supra,* makes clear is impermissible, "'to proffer a new legal theory . . . when the legal theory . . . could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" 252 F. Supp. 2d at 528.

Plaintiff has not shown I disregarded clearly controlling authority or a court has issued an

---

[1]

Though I accept the proposition that Ohio would follow Connecticut law, I am of the view that Ohio has a significant interest in ensuring that persons who work in this state are compensated fully in accordance with its laws. Many people work for multi-state corporations, and applying the law of a state other than Ohio to those who do so in this state could well provide less protection to those workers than their neighbors, who work for Ohio companies, enjoy. It makes better sense to have all Ohio workers treated the same under Ohio's wage and hour laws, which clearly are intended to protect workers from exploitation, particularly by companies domiciled in jurisdictions affording less protection to its workers.

3

intervening decision that mandates a different outcome. To the extent that he has not simply sought to rehash his earlier arguments, he has asserted new propositions and theories which should and could have been presented before I made my decision.

Plaintiff was clearly forewarned about the risks of putting the defendants and their counsel to the expense of responding to a motion that should not have been filed. He was, by his own admission, fully aware of my antipathy toward motions to reconsider. An award of sanctions is appropriate. Plaintiff shall, accordingly, be required to pay $2,000 to the defendants as and for compensation for the attorneys' fees and costs incurred in responding to his motion; alternatively, if the actual fees and costs incurred were less, the defendants shall so notify the plaintiff, and that amount shall be paid.

If the defendants desire to have judgment entered for the amount due and owing under this order, they shall notify me on or before November 15, 2005.

It is, therefore,

ORDERED THAT:

1. Plaintiff's motion to reconsider be, and the same hereby is overruled; and

2. Sanctions in the amount of $2,000, or actual fees and costs, if less, to be awarded; leave granted to defendants to request entry of judgment for amount due and owing on or before November 15, 2005.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge

4