IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Timothy R. Osborn,  			Case No. 3:04CV7486

    Plaintiff

v.					ORDER

Knights of Columbus, *et al.*,

    Defendant

    This is a multi-count case brought by plaintiff Timothy R. Osborn against his former employer, Knights of Columbus (Knights). Osborn is suing the organization, *inter alia*, in its capacity as administrator of pension and employee health benefit plans.

    Pending is Knights' motion for judgment on Osborn's defamation claims (Count V in Osborn's federal complaint) on the grounds that res judicata bars further litigation of the issue. For the following reasons, Knights' motion shall be granted.

**Background**

    Osborn filed his federal complaint, including the defamation count, on August 11. He alleged that "[b]eginning in 2003 and through and including to date, the Defendant through its agents, including [Dennis] Kelly, have made false and libelous statements to insureds and members of various councils in northwest Ohio accusing the Plaintiff of theft, conversion and unethical insurance practices."

On September 17, 2004, Osborn filed a separate defamation lawsuit against his former general agent, Dennis Kelly, in his individual capacity in the Court of Common Pleas in Williams County, Ohio.

Osborn's state court complaint contained defamation allegations that were almost identical to those in this lawsuit, except that Kelly was the only person accused of making defamatory statements in the state court complaint.

On May 24, 2005, Knights took Osborn's deposition for both the federal and state court actions. On July 1, 2005, Knights moved for summary judgment. I granted in part and denied in part Knights' motion for summary judgment on Osborn's defamation claims. I denied summary judgment on Kelly's written remark on Dennis Baird's policy change form (that the policy was "oversold") and the claim that Knights defamed Osborn verbally to certain unidentified former customers.

On September 14, 2005, Kelly moved for summary judgment in the state court suit. Kelly's brief specifically addressed the Baird policy change form (with the "oversold" notation) and the allegation that Kelly made defamatory statements to policyholders. On October 21, 2005, the state court granted summary judgment in favor of Kelly. The summary judgment entry was on the merits and constituted a final appealable order.

## Discussion

A federal court must apply the res judicata doctrine of the state in which the judgment was entered. 28 U.S.C. § 1738. That means this court must give the same preclusive effect to the state court's judgment as another state court would. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 904 (6th Cir. 2002).

Ohio law recognizes two forms of res judicata: claim preclusion and issue preclusion. *Wead v. Lutz*, 161 Ohio App. 3d 580, 587 (Ct. App. 2005). Under claim preclusion, "a valid, final judgment [on] the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.* A "transaction" is a "common nucleus of operative facts." *Id.* (quotation omitted). Under claim preclusion, the final judgment "is conclusive to all claims which were or might have been litigated in a first lawsuit." *Id.* at 587-88 (quotations omitted).

Claim preclusion applies to the parties to the original action and those in privity with those parties. *O'Nesti v. DeBartolo Realty Corp.*, 2005 WL 2338633 (Ohio Ct. App. Sept. 21, 2005). Although Ohio has not eliminated the privity requirement, it has "greatly broadened" its concept of privity to include "mere 'mutuality of interest,' including an identity of a desired result." *Id.*

Claim preclusion applies here because: 1) the state court's decision granting summary judgment for Kelly was a decision on the merits; 2) the defamation allegations in the state and federal claims arise out of the same transaction or occurrence (both claims sought, or seek, redress for defamatory statements allegedly made by Kelly after Osborn left his job with Knights); and 3) Kelly and Knights are in privity.

By seeking the same result result – to defeat a similar defamation count in Osborn's lawsuits – Kelly and Knights have a "mutuality of interest."

All of the elements of Ohio's broad claim preclusion doctrine are met. The doctrine, therefore, bars litigation of any actions that Osborn raised, or might have raised, in the state court lawsuit.

Even if claim preclusion did not apply, issue preclusion would still bar Osborn's defamation claim in this action.

Issue preclusion mandates that if a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of that issue in another suit involving a party, or one in privity with a party, to the first case. *Rizvi v. St. Elizabeth Hosp. Med. Cent.*, 146 Ohio App. 3d 103, 108 (Ct. App. 2001).

Under Ohio law, issue preclusion is applicable if: 1) the fact or issue was actually litigated in the prior action; 2) the court actually determined the fact or issue in question; 3) the party against whom issue preclusion is asserted was a party, or in privity with a party, to the prior action. *Id.*

In analyzing whether the second element has been met, Ohio courts hold that issue preclusion bars relitigation of an issue even in "instances in which a party is prepared to present new evidence or new causes of action not presented in the first action." *Am. Home Prod. Corp. v. Tracy*, 152 Ohio App. 3d 267, 272 (Ct. App. 1991). With issue preclusion, a final judgment on the merits "bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.* (quotations omitted).

Regarding the third element of issue preclusion, Ohio requires mutuality of parties only if a party seeks to use issue preclusion offensively. *Chambers v. Ohio Dep't of Human Servs.*, 145 F.3d 793, 801 n. 14 (6th Cir. 1997).

All three elements are present here. First, the state action was actually litigated – the parties engaged in discovery and proceeded to summary judgment. While Osborn did not file a timely response to Kelly's motion for summary judgment, that fact is not relevant: the state court entered judgment on the merits.

Second, the state lawsuit specifically dealt with Kelly's statements that Osborn alleged were defamatory; indeed, the first count of Osborn's state lawsuit was a broad allegation of defamation.

Again, the fact that Osborn failed to respond to Kelly's motion for summary judgment in time is irrelevant: the state court actually determined the issue of whether Kelly made defamatory statements. Osborn had the opportunity to counter Kelly's defenses to those allegations.

Even if Osborn wishes to raise entirely new statements, issue preclusion bars any consideration of that evidence. *Am. Home Prod. Corp.*, 152 Ohio App. 3d at 272.

Third, issue preclusion applies because Osborn was a party to the state lawsuit. Knights were not a party, but are seeking to use issue preclusion defensively, not offensively, which Ohio law permits. *Chambers*, 145 F.3d at 801 n. 14.[1]

Osborn accuses Knights of trying to evade my August 22, 2005, order denying summary judgment as to some allegedly defamatory statements made by Kelly. That accusation is unfounded.

When separate actions are pending simultaneously, res judicata attaches to the first judgment entered, regardless of which action began first. *Chicago, R.I. & P. Ry. v. Schendel*, 270 U.S. 611, 615-17 (1926); *Lesher v. Lavrich*, 784 F.2d 193, 195 (6th Cir. 1986). If, however, inconsistent judgments are entered, the last in time controls. *Garden Suburbs Golf & Country Club v. Murrell*, 180 F.2d 435, 436 (5th Cir. 1950); *Valley Nat. Bank of Arizona v. A.E. Rouse & Co.*, 121 F.3d 1332, 1335 (9th Cir. 1997). Thus, notwithstanding my decision that the issue of whether the "oversold" comment on Baird's policy change form survived summary judgment, I must give full

---

[1] In any event, as mentioned above, *supra*, Kelly and Knights are in privity, which provides additional grounds by which Knights satisfy the third element of issue preclusion.

faith and credit to the state court decision. That means Osborn is now precluded from relitigating before me the issues raised in the state court proceeding.

Because both claim and issue preclusion prevents Osborn from litigating whether *any* of Kelly's remarks are defamatory, I need not address each of the specific statements.

## Conclusion

Res judicata bars any attempt to relitigate these defamation claims.

It is therefore,

ORDERED that defendant Knights' motion for entry of judgment on Osborn's defamation claims be, and the same hereby is, granted; defendant's defamation claims (Count V) are dismissed.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge
